# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNCIL ROCK SCHOOL DISTRICT, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| | : NO. 09-5604 |
| v. | : |
| | : |
| THOMAS BOLICK, II, ET AL., | : |
| | : |
| Defendants. | : |

FILED

SEP 13 2010

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

Tucker, J.                                                              Sept 3, 2010

Presently before the Court is Defendants' Second Motion for the Recusal of Judge Petrese B. Tucker pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 (a) for the Appearance of Bias and/or Prejudice (Doc. 28). For the reasons set forth below, upon consideration of Defendants' Motion and Plaintiff's Response in Opposition (Doc. 31), this Court denies the Motion for Recusal.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This action was brought by the Council Rock School District ("the District" or "Plaintiff") against Thomas Bolick, II ("Parent") and Thomas Bolick, III ("Student") (collectively, "the Bolicks" or "Defendants"), pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. §1401, *et seq.* ("IDEA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 504 ("Section 504"). The District seeks review of the administrative decision to the extent that the hearing officer found the initial evaluation inappropriate and awarded Defendants the cost of the private evaluation. The District requests that this Court issue an order declaring that the District is not required to reimburse Defendants for the private evaluation.

On April 28, 2010 Defendants filed a Motion for the Recusal of Judge Petrese B. Tucker for the Appearance of Bias and/or Prejudice (Doc. 17). This Court denied Defendant's Motion in an Order filed on August 5, 2010. (Doc. 25) Subsequently, Defendants filed a second a Motion for Recusal on August 23, 2010 (Doc. 28). The District filed a Response in Opposition on August 25, 2010. (Doc. 31) The Court now addresses the pending motion.

## II. LEGAL STANDARD

Section 455 (a) of Title 28 of the United States Code provides in pertinent part that "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When reviewing motions for recusal, the Third Circuit applies an objective standard. See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997) "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Allen v. Parkland Sch. Dist., 230 Fed. Appx. 189,193 (3d Cir. Pa. 2007) (citing In re Kensington, 353 F.3d 211, 220 (3d Cir. 2003). See also United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (stating "[m]otions to recuse under 28 U.S.C. § 455(a) must rest on... objective facts... not on possibilities' and unsubstantiated allegations.").

Motions for Recusal are also governed by Section 144 of Title 28 of the United States Code. Recusal under 28 U.S. C. § 144 is mandatory "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of

2

prejudice to demonstrate that the judge is not impartial." Sharp v. Johnson, 2007 U.S. Dist. LEXIS 76254 (W.D. Pa. Oct. 15, 2007). In satisfying this burden, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable man that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature. United States v. Thompson, 483 F.2d 527, 528 (3d Cir. Pa. 1973).

## III. DISCUSSION

In support of their motion Defendants advance three claims. First, Defendants maintain that this Court's decision to dismiss their counterclaim on grounds of abstention is inconsistent with its prior rulings. This Court's Order filed August 5, 2010 makes clear that Defendants have not adequately demonstrated that this Court's ruling is inconsistent with prior judgments. Moreover, the Third Circuit has established that a district court's other rulings are not a basis for recusal. Johnson v. Trueblood, 629 F.2d 287, 291 (3d Cir. Pa. 1980), cert denied, 450 U.S. 999 (1981).

Secondly, Defendants claim that they were unfairly precluded from filing an amended counterclaim to include a count for a qui tam action under the False Claims Act ("FCA"). This Court's August 5, 2010 Order denying Defendants' motion to file an amended complaint makes clear that Defendants' failed to allege sufficient facts to suggest liability under the FCA. Defendants' mere recitation of unfavorable rulings is unavailing as the Third Circuit has made clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting v. Securacom, 224 F.3d 273, 278-279 (3d Cir. N.J. 2000). Moreover, a "judge's rulings at trial do not constitute grounds for recusal because they can be corrected by

3

reversal on appeal." Johnson at, 291 (3d Cir. Pa. 1980), cert denied, 450 U.S. 999 (1981).

Finally, Defendants maintain that they were required to participate in a "sham settlement conference" before Magistrate Judge Caracappa. Defendants' advance no evidence to support this allegation.

A party seeking recusal bears the burden of establishing the existence of impropriety and/or bias. Defendants' have failed to satisfy this substantial burden. Defendants' allegations of bias and impartiality are mere conclusions and disagreements with the Court's legal rulings. Such baseless assertions are insufficient to meet Defendants' burden under Section 144 or Section 455. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations). Moreover, Defendants' affidavit contains no factual support for these claims. Defendants' claims which are now before this Court for the second time are clearly without merit.

## IV. CONCLUSION

In conclusion, the Court finds that Defendants have failed to satisfy their burden of demonstrating that a reasonable person, with knowledge of the facts relevant to this case, would question this Court's impartiality. Accordingly, Defendants' motion will be denied. An order consistent with this memorandum follows.

BY THE COURT:

Hon. Petrese B. Tucker, U.S.D.J.